

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MEM
F.#2015R00190

*610 Federal Plaza*
*Central Islip, New York*
*11722-4454*

October 26, 2022

<u>By ECF and Email</u>

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. John Quadrino
                <u>Criminal Docket No. 17-00153 (JMA)</u>

Dear Judge Azrack:

      The government writes to supplement its October 23, 2020 letter detailing loss amounts pertaining to the defendant's current fraud charges. Doc. Ent. 64. Based on an extensive investigation of the relevant financial transactions coupled with in-depth conversations with defense counsel the government and the defendant agree to revises and supplement the loss amount and restitution calculations as discussed below.

      The government and the defendant agree that the defendant's conduct caused a total loss amount to victims of $3,303,966. The reduction of the prior loss amount is based on evidence presented by the defendant, to the government, suggesting that some of the financial transactions were arguably loans and should not factor into the loss amount. The defendant does not contest that he owes outstanding loan balances to these individuals. Further, by subtracting out these loans from the loss amount there are less than ten total victims. Therefore, the defendant's United States Sentencing Guidelines ("U.S.S.G. or the "Guidelines) computation is as follows: (1) base offense level of seven (U.S.S.G. § 2B1.1(a)(1)); (2) sixteen-point enhancement because the loss involved greater than $1,500,000 and less than $3,500,000 (U.S.S.G. § 2B1.1(b)(1)(I)); and (3) three levels subtracted for timely acceptance of responsibility (U.S.S.G. §§ 3B1.1(a), (b)). This results in a total offense level of 20. The

defendant was previously determined to be a criminal history category II.[1] (Pre-Sentence Report ¶¶ 34-44.) This results in an advisory Guidelines range of 37-46 months' incarceration.

Additionally, the government and the defendant agree that restitution, as set forth below, reduced by any and all restitution payments made as of the date of sentencing, should be ordered by the Court irrespective of the Count of conviction. Furthermore, the defendant agrees and stipulates that for purposes of Crime Victims' Rights pursuant to 18 U.S.C. § 3771(e), all of the victims named below shall have the rights of a crime victim as set forth in 18 U.S.C. § 3711(a), as if they had been named in the count of conviction (18 U.S.C. §§ 3663 and 3663A):

| Name | Total Loss |
|------|------------|
|      | None       |
|      | None       |
|      | $112,137   |
|      | $26,400    |
|      | None       |
|      | $218,455   |
|      | $225,000   |
|      | $12,600    |
|      | $284,900   |
|      | $19,003    |
|      | $40,000    |
|      | $71,110    |
|      | $78,000    |
|      | $794,203   |
|      | $806,806.02 |

---

[1] Based on conversations with counsel, the defendant contends that he is a Criminal History Category I and has expressed that he will be submit an analysis of his reasoning to the Court prior to sentencing.

| Name | Total Loss |
|---|---|
|  | $1,127,045 |
|  | $1,551,904.47 |
|  | $166,280 |

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
      Mark E. Misorek
      Assistant U.S. Attorney
      Matthew Sotirhos
      Special Assistant United States Attorney

cc:    Clerk of the Court (By Email an ECF)
      Robert LaRusso, Esq. (By Email)
      Jennifer Baumann, U.S. Probation (By Email)