UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                      (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                              **MEMORANDUM & ORDER**
                                              17-cr-153 (JMA) (ARL)

        -against-

JOHN QUADRINO,

                                Defendant.
----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Defendant John Quadrino moves, pro se under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, for a reduction in his sentence based on the "status points" amendment to Section 4A1.1(e) of the United States Sentencing Guidelines ("Guidelines"). (ECF No. 90.) The Government opposes the motion. (ECF No. 94.) Mr. Quadrino timely replied. (ECF No. 95.) For the below reasons, the motion is denied.

## I.    DISCUSSION

      Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." United States v. Torres, 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024) (Chin, J.) (citing United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." Torres, 2024 WL 621554, at *1 (quoting Martin, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment.... is not authorized under 18 U.S.C. § 3582(c)(2) if .... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2).... to a term that is less than the minimum of the amended guideline range." Id. § 1B1.10(b)(2)(A). "Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." United States v. Ross, 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Part A of the Amendment addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. United States v. Tejeda, 2024 WL 1676329, at *2 n.1 (S.D.N.Y. Apr. 18, 2024). The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points. See U.S.S.G. § 4A1.1(e). Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors. Id. § 4C1.1.

At sentencing in this case, the Court, Mr. Quadrino's counsel, and the Government all agreed that the following Guidelines would be applied: (1) base offense level seven (U.S.S.G. § 2B1.1(a)(1)); (2) sixteen-point enhancement for loss greater than $1,500,000 and less than

2

$3,500,000 (U.S.S.G. § 2B1.1(b)(1)(I); and (3) a three-point reduction for timely acceptance of responsibility (U.S.S.G. § 3B1.1(a) and (b)). (See Ex.1, at 3–5, 12, ECF No. 94-1.) The Court, with the Government's consent, sentenced Mr. Quadrino as someone with a Criminal History Category of I. (See id. at 5.) This resulted in a Guidelines range of 33–41 months' imprisonment. The Court imposed a guideline sentence of 41 months' imprisonment, two years of supervised release, and restitution in the amount of $3,303,966. (See id. at 36.)

Turning to the instant motion, because Mr. Quadrino had more than zero criminal history points, Part B of the Amendment does not apply. (See id. at 5 (defense counsel noting "Mr. Quadrino has, for all intents and purposes, only one criminal history point").) Part A of the Amendment does not apply either. No "status points" were assigned to Mr. Quadrino at sentencing; indeed, the Court sentenced Mr. Quadrino based on the lowest possible criminal history category—Category I. Therefore, Mr. Quadrino is ineligible for a modification of sentence.

Because Mr. Quadrino is ineligible for a sentence reduction, this Court need not analyze the factors set forth in 18 U.S.C. § 3553(a). See United States v. Garcia, 2024 WL 532447, at *2 (S.D.N.Y. Feb. 9, 2024); see also Ross, 2024 WL 149130, at *2 (declining to analyze Section 3353(a) factors where criminal history calculation alone established that defendant was ineligible for a sentence reduction). But even if the Court assumed that the "status points" provision resulted in a one-point reduction to Mr. Quadrino's Guidelines calculation, which it does not, a sentence reduction in this case would be "[in]consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Upon re-reviewing the record of this case and carefully "consider[ing] anew all of the § 3553(a) factors that it originally considered at sentencing," United States v. Vela, 2024 WL 1621109, at *1 (S.D.N.Y. Apr. 15, 2024), the 41-month sentence that the Court imposed on Mr. Quadrino "continues to be the least restrictive

sentence necessary to satisfy the statutory purposes of sentencing." Id.; see also 18 U.S.C. § 3553(a).

## II. CONCLUSION

For the above reasons, Mr. Quadrino's motion is DENIED. The Clerk of Court is respectfully directed to close ECF No. 90. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Quadrino at his address of record.

**SO ORDERED.**

Dated:   May 13, 2024
         Central Islip, New York

                                               /s/ JMA
                                               JOAN M. AZRACK
                                               UNITED STATES DISTRICT JUDGE